**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NEWARK VICINAGE

| | | |
|---|---|---|
| KELVIN ALCANTARA, | : | |
| | : | Civil Action No. 16-1904(SRC) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| OSCAR AVILEZ, | : | |
| | : | |
| Respondent. | : | |

**CHESLER**, District Judge

This matter comes before the Court upon Petitioner Kelvin Alcantara's ("Petitioner") Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (Pet., ECF No. 1.) For the following reasons, the Petition will be dismissed for lack of jurisdiction.

I. **BACKGROUND**

Petitioner is a citizen of the Dominican Republic, and a lawful permanent resident of the United States since September 24, 2001. (Bond Mem., ECF No. 1-1 at 4.) On February 4, 2008, Petitioner was convicted of criminal possession of a forged instrument in the third degree, and criminal possession of stolen property in the fifth degree, under New York State Penal Law. (Id.) The Department of Homeland Security commenced removal proceedings against Petitioner on September 16, 2015, based on his convictions

1

for two crimes of moral turpitude. (Bond Mem., ECF No. 1-1 at 4). Petitioner conceded removability on December 17, 2015. (Id.)

In October 2015, Petitioner requested a bond redetermination. (Id.) On December 17, 2015, the immigration judge issued an oral opinion denying bond. (Id.) Petitioner appealed to the Board of Immigration Appeals ("BIA"). (Id. at 5.) The BIA determined that Petitioner was subject to mandatory detention under Section 236(c) of the Immigration and Nationality Act, and therefore the BIA lacked authority to re-determine Petitioner's bond. (Id.)

Petitioner filed the present Petition on April 4, 2016, seeking release on bond. (Pet., ¶ 15.) Petitioner alleges the immigration court abused its discretion in denying bond, because Petitioner is not a danger to the community or a flight risk. (Id. ¶ 13.)

## II. DISCUSSION

The apprehension and detention of aliens is governed by 8 U.S.C. § 1226. Judicial review of a discretionary bond decision by the Attorney General under this provision is prohibited. See Asemani v. Attorney Gen. of the United States, 140 F. Appx. 368, 376 (3d Cir. 2005) ("the IIRIRA specifically prohibits direct review of bond orders"). Section 1226(e), entitled Judicial Review, provides:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may

2

>            set aside any action or decision by the
>            Attorney General under this section regarding
>            the detention or release of any alien or the
>            grant, revocation, or denial of bond or
>            parole.

Although Section 1226(e) does not explicitly bar habeas review of constitutional challenges,[1] Petitioner has not raised a constitutional challenge to his detention. By its terms, 28 U.S.C. § 2241 extends to a person who is challenging his "custody in violation of the Constitution or laws or treaties of the United States."

Here, Petitioner seeks exactly what is prohibited by § 1226(e), judicial review of an Immigration Judge's order, because Petitioner disagrees with the determination that he poses a flight risk or is a danger to the community. Therefore, this Court lacks jurisdiction over the habeas petition.

## III. CONCLUSION

In the accompanying Order filed herewith, the Court will dismiss the habeas petition for lack of jurisdiction.

DATED: 4/21 , 2016

STANLEY R. CHESLER
**United States District Judge**

---

[1] See Demore v. Kim, 538 U.S. 510, 517 (2003) ("federal courts have jurisdiction to review a constitutional challenge to § 1226(c).")